**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**SUNTREE TECHNOLOGIES, INC.,**

**Plaintiff,**

**-vs-**                                    **Case No.  6:09-cv-1945-Orl-28GJK**

**ECOSENSE INTERNATIONAL, INC.,**
**GEORGE DUSSICH,  DERRICO**
**CONSTRUCTION CORPORATION,**

**Defendants.**
_____

**ORDER**

This cause is before the Court on the following motions:

1.  The "Motion to Dismiss Plaintiff's Complaint" (Doc. 12) filed by Defendants Ecosense International, Inc. ("Ecosense") and George Dussich ("Dussich");

2.  The "Motion to Strike Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative Motion to File A Four (4) Page Reply" (Doc. 14); and

3.  The "Opposition to Defendants' Motion to Strike Plaintiff's Response to the Motion to Dismiss, Motion for Leave to Extend the Time Period for Its Response to the Motion to Dismiss[,] and Response to Defendants' Motion for Leave to Reply" (Doc. 15) filed by Plaintiff, Suntree Technologies, Inc. ("Suntree").

Plaintiff filed an Amended Complaint (Doc. 11) against Defendants on December 9, 2009.  On December 22, 2009, Defendants filed a motion to dismiss the Amended Complaint, alleging that Plaintiff had failed to state a claim upon which relief could be

granted. (Doc. 12). Pursuant to Local Rule 3.01(b) and Rule 6 of the Federal Rules of Civil Procedure, a timely response in opposition needed to be filed on or before Friday, January 8, 2010. Plaintiff, however, filed its Response on January 12, 2010 without seeking permission of the Court for an extension of time and purportedly without the Defendants' consent. (See Doc. 14 at 3). Due to the late-filed response, Defendant has requested that this Court strike the response as untimely. (Id. at 3-4). In the alternative, Defendants request that the Court grant leave to file a four-page reply.

In response to Defendants' motion to strike, Plaintiff admits that the response was filed late and explains that the mistake was an inadvertent one caused by a docketing mistake in counsel's office. (Doc. 15 at 2; Decl. of Diaz-Sierra, Ex. A to Doc. 15). Plaintiff requests that this Court allow a two-day extension of time to file the response. The Court construes this request as a nunc pro tunc motion. Because of the excusable neglect, Plaintiff's request is granted and Defendants' motion to strike is denied. The Court grants, nunc pro tunc, a two-day extension of time to file a response to the motion to dismiss and accepts the response as timely.[1]

In the motion to dismiss, Ecosense and Dussich urge the Court to dismiss Count I of the Amended Complaint, arguing that Plaintiff failed to allege a cause of action for false designation under 15 U.S.C. § 1125(a) because Plaintiff did not allege that Ecosense and Dussich "made an unauthorized use of the [Suntree] mark that confused consumers." (Doc. 12 at 4-5). Concerning § 1125(a) liability, the U.S. Supreme Court has stated that "if a

---

[1]Counsel is reminded of the importance of filing deadlines provided by the Federal Rules of Civil Procedure, Local Rules, and Case Management Scheduling Orders.

manufacturer or distributor intentionally induces another to infringe a trademark, or if it continues to supply its product to one whom it knows or has reason to know is engaging in trademark infringement, the manufacturer or distributor is contributorially responsible for any harm done as a result of the deceit." Inwood Labs. v. Ives Labs., 456 U.S. 844, 854 (1982). Because Suntree has alleged that Ecosense and Dussich contributed to and induced direct infringement by Defendant Derrico Construction Corporation, (see Am. Compl. ¶¶ 35-38), the Court finds that Suntree has successfully stated a claim for relief under § 1125(a).

Additionally, Ecosense and Dussich request that the Court dismiss the false advertising claims contained within Count I. (Doc. 12 at 5-6). In support, Ecosense and Dussich claim that certain photographs contained with brochures do not constitute advertising and that the brochures were not material to the purchasing decisions. (Id. at 6). However, these arguments raise questions of fact that are not properly considered at this stage.

In Count II of the Amended Complaint, Suntree alleges common law trademark infringement and unfair competition. Ecosense and Dussich move to dismiss these claims for the same reasons previously set forth for dismissal of the § 1125(a) claims. The analysis of Florida common law trademark infringement and unfair competition is the same as the analysis of claims brought under § 1125(a). See Gift of Learning Found., Inc. v. TGC, Inc., 329 F.3d 792, 802 (11th Cir. 2003). Applying that analysis, Defendants' motion to dismiss fails as to Count II.

Suntree asserts in Count III a claim under the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), section 501.201 et seq., Florida Statutes, alleging that Ecosense

and Dussich made "false or misleading representations in advertising and marketing" sufficient to constitute deceptive and unfair practices under FDUTPA. (Am. Compl. ¶¶ 70-71). In moving to dismiss Count III, Ecosense and Dussich argue that Suntree "failed to sufficiently plead a claim under the FDUTPA by pointing to a source of law that would recognize the alleged conduct as 'unfair' or 'deceptive.'" (Doc. 12 at 9-10). Because Suntree has pleaded false representation made by Ecosense and Dussich in the use of advertising and marketing materials, the Court finds that Count III adequately pleads a claim under FDUTPA.

Finally, Dussich argues that all claims against him should be dismissed for failure to allege a basis for piercing the corporate veil. (Id. at 10-11). Suntree has alleged that "Dussich owns . . . Ecosense [and] is its President and Chief Executive Officer," that "Dussich personally directs Ecosense's actions in contributing to and inducing Derrico to infringe Suntree's trademark rights and otherwise engage in deceptive trade practices and unfair competition against Suntree," and that "Dussich is closely involved in and directs Ecosense's advertising and marketing efforts." (Am. Compl. ¶¶ 4, 38, 51). Because "a corporate officer who directs, controls, ratifies, participates in, or is the moving force behind the infringing activity, is personally liable for such infringement without regard to piercing of the corporate veil," Suntree need not pierce the corporate veil in order to hold Dussich liable. Accordingly, Dussich's argument that all claims against him should be dismissed fails.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1.  Suntree's "Motion for Leave to Extend the Time Period for Its Response to the Motion to Dismiss" (Doc. 15) is **GRANTED** nunc pro tunc.

2.  The "Motion to Strike Plaintiff's Opposition to Defendants' Motion to Dismiss or in the Alternative Motion to File A Four (4) Page Reply" (Doc. 14) is **DENIED**.

3.  The "Motion to Dismiss Plaintiff's Complaint" (Doc. 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 8th day of March, 2010.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party